# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) ASSOCIATION CASUALTY
    INSURANCE COMPANY

    Plaintiff,

vs.

(1) VEERLAKSHMI, LLC d/b/a BEST
    WESTERN GLO

    Defendant.

Case No.:  CIV-23-895-JD

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Association Casualty Insurance Company, a member of the Columbia Insurance Group ("Columbia"), for its Complaint for Declaratory Judgment against the Defendant, Veerlakshmi, LLC d/b/a Best Western Glo ("Glo"), alleges and states:

### INTRODUCTION

1. This is an action for declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to determine a real and justiciable controversy among the parties with respect to their rights and/or obligations, if any, under a certain insurance contract, described more fully below.

### PARTIES

2. Plaintiff, Columbia, is incorporated in the state of Texas and has its principal place of business in the state of Missouri.

3. Upon information and belief, Veerlakshmi, LLC is incorporated in the state of Colorado and has its principal place of business in the state of Colorado. Accordingly, Veerlakshmi, LLC is a citizen of Colorado.

4.     Veerlakshmi, LLC owns and operates a hotel called Best Western Glo ("Glo") on 123 West Main Avenue, Enid, Oklahoma.

5.     Columbia issued an insurance policy, Policy No. CMPOK2000017948, to its named insured, Veerlakshmi, LLC (hereafter the "Columbia Policy"), at its corporate address of 2040 Crystal Peak, Highlands Ranch, Colorado, for the policy period of October 15, 2022 to October 15, 2023. The Columbia Policy was written to provide building & personal property coverage and business income coverage on a Special Form for Glo.

## JURISDICTION AND VENUE

6.     The issues giving rise to this coverage dispute occurred in Garfield County, State of Oklahoma, within the Western District of Oklahoma.

7.     This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1331(a)(1). Diversity jurisdiction exists because this action is between citizens of different states and the amount in controversy is in excess of $75,000.00. Venue is proper in this district pursuant to 28 U.S.C § 1391(e)(c).

## FACTUAL BACKGROUND

8.     On or about July 9, 2023, following a wind-driven storm, water was discovered in a number of rooms at Glo. Subsequent investigation revealed that the water entered Glo through and/or around the hotel's window openings and/or window frames. Despite no apparent exterior damage, the windows uniformly leaked in substantially similar locations, below the windowsills, and allegedly caused damage to various portions of the interior of the building.

9. Following an inspection of the building and windows it was determined that the water was entering the building due to: (1) improper installation of the windows, possibly from improper flashing or water sealing, (2) improperly designed/manufactured windows, or (3) a combination of the two.

10. A current estimation of total damages is unknown at this time.

11. Glo has provided notice of the incident to Columbia, indicating that it believes some or all of the interior damage at the hotel should be covered by the Columbia Policy. Columbia believes that because wind-driven rain entered around the windows, coverage is excluded under the Columbia Policy.

## THE COLUMBIA POLICY

12. The Cause of Loss – Special Form, contained in the Insuring Agreement, has multiple provisions that may be applicable, including but not limited to:

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

> **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

> **c.** Faulty, inadequate or defective:

>> **(1)** Planning, zoning, development, surveying, siting;
>> **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>> **(3)** Materials used in repair, construction, renovation or remodeling; or
>> **(4)** Maintenance; of part or all of any property on or off the described premises.

> **C. Limitations**

> The following limitations apply to all policy forms and endorsements, unless otherwise stated:

> **1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

>> **c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

>>> **(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

>>> **(2)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

13. Based on the above quoted policy language, material facts known at this time, and relevant case law, Columbia believes that the Columbia Policy does not provide coverage to Glo, with respect to the repair/replacement of the windows, or any ensuing loss as a result of the water penetration around the windows. *See, e.g., Mock v. Central Mutual Insurance Company,* 158 F. Supp. 3d 1332 (S.D. Ga. 2016); *Interior Shutters, Inc. v. Valiant Insurance Company,* 242 F.3d 389 (10th Circuit 2000); *331 South County Road Corp. v. Greenwich Insurance Company,* 2001 WL 10256976 (S.D. Fla. Dec. 20, 2021);

*Covington v. CSAA Fire & Cas. Ins.,* CIV-19-00718-PRW, 2020 WL 6265082 (W.D. Okla. Oct. 23, 2020). Columbia has not denied its insured's request to fund the necessary repairs/renovations to the hotel; rather, it seeks guidance from this Court to determine if coverage is appropriate under the pertinent provisions of the Columbia Policy and the facts surrounding the incident.

## **DECLARATORY COMPLAINT**

14.     As the foregoing demonstrates, there exists an actual and justiciable controversy between Columbia and the Defendant insured within the jurisdiction of this Court and involving the rights and liabilities of the parties under a contract of insurance, which controversy may be determined by a judgment of this Court. Columbia requests this Court to determine the rights and liabilities of parties.

WHEREFORE, Columbia prays that:

(1)     this Court determine and adjudicate the rights and liabilities of the parties with respect to the subject contract of insurance;

(2)     this Court find and determine that neither the Columbia Policy nor Oklahoma law requires Columbia to replace and/or repair the hotel windows, nor indemnify its insured for the resulting damage to the building's interior; and

(3)     Similarly, this Court find and determine that neither the Columbia Policy nor Oklahoma law requires Columbia to indemnify its insured for its business interruption loss and loss of revenue.

Respectfully submitted,


 /s/ *GERARD F. PIGNATO*
GERARD F. PIGNATO, OBA #11473
MATTHEW C. KANE, OBA #19502
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
(405) 239-6040
(405) 239-6766 FAX
jerry@ryanwhaley.com
mkane@ryanwhaley.com

-   AND -

R. BRAD MILLER, OBA #11437
JAMI RHOADES ANTOINISSE, OBA #20612
**MILLER JOHNSON JONES ANTONISSE & WHITE, PLLC**
500 Northwest 6th Street, Suite 300
Oklahoma City, Oklahoma
(405) 896-4388
(405) 609-2995 FAX
bmiller@mjjaw.com
jantonisse@mjjaw.com

*Attorneys for Plaintiff*